UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**

JERRILEE SMITH,

1:12-CR-00183 EAW

Defendant.

Defendant Jerrilee Smith ("Defendant") is charged in two counts of a 62-count indictment with 31 co-defendants as follows: (1) Count 1 charging Defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; and (2) Count 47 charging Defendant with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h).

The indictment was filed on June 8, 2012, and unsealed on July 10, 2012. Although many of the co-defendants, including Defendant's sister Tara Smith, were immediately arrested and arraigned in connection with the charges in the indictment, Defendant was not arraigned until July 8, 2014, shortly after she was contacted by law enforcement and informed that a warrant had been issued for her arrest. Defendant voluntarily traveled to the United States from Canada and turned herself in.

On October 31, 2014, Defendant filed a motion to dismiss the indictment on Sixth Amendment speedy trial grounds. (Dkt. 475). The motion was initially considered by United States Magistrate Judge McCarthy, to whom the case was referred pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Dkt. 5).

- 1 -

Oral argument on the motion was held before Magistrate Judge McCarthy on January 6, 2015 (Dkt. 494), after which an evidentiary hearing was conducted on February 11 and April 29, 2015 (Dkt. 516, 531). The parties submitted post-hearing briefs (Dkt. 542, 543, 545), and further oral argument was held before Magistrate Judge McCarthy on September 8, 2015 (Dkt. 547). Additional submissions were then made by the parties (Dkt. 551 & 552), and on October 27, 2015, Magistrate Judge McCarthy issued a thorough Report and Recommendation.

Magistrate Judge McCarthy's Report and Recommendation considered the facts in the context of the criteria set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), and concluded that "the scales tip against finding a Sixth Amendment speedy trial violation." (Dkt. 556 at 22). As a result, Magistrate Judge McCarthy recommended that this Court deny Defendant's motion to dismiss the indictment on Sixth Amendment speedy trial grounds. (Dkt. 556).

After being granted an extension of time to file objections (Dkt. 559), Defendant filed objections to the Report and Recommendation on November 24, 2015 (Dkt. 576). The Government filed a response on December 11, 2015 (Dkt. 579), and oral argument was held on December 30, 2015, at which time the Court reserved decision and took the matter under advisement (Dkt. 580).

A district court reviews any specific objections to a report and recommendation under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United*

- 2 -

*States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings). To trigger the *de novo* review standard, objections to a report "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Further, "[t]he Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings." *United States v. Lawson*, 961 F. Supp. 2d 496, 499 (W.D.N.Y. 2013); *see also Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (quoting *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999)); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised."). *Cf. United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) (district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings).

The Court has carefully reviewed and considered the parties' original pretrial motion submissions (Dkt. 475, 491, 492, 493), the transcript of the evidentiary hearing before Magistrate Judge McCarthy (Dkt. 519, 536), the parties' post-hearing submissions (Dkt. 542, 543, 545, 551, 552), Magistrate Judge McCarthy's Report and Recommendation (Dkt. 556), Defendant's objections to the Report & Recommendation (Dkt. 576), the Government's response (Dkt. 579), and the argument of counsel during the appearance before the undersigned on December 30, 2015.

Based upon a *de novo* review of the record, the Court accepts the proposed findings and recommendation contained in the Report and Recommendation in their entirety. As a result, the Court denies Defendant's motion to dismiss the indictment on Sixth Amendment speedy trial grounds for the reasons set forth in the Report and Recommendation.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:     January 19, 2016
           Rochester, New York

- 4 -